**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

SILVIA ALFARO, individually
and on behalf of all others similarly situated

       *Plaintiff*,

vs.

SUPERNUS PHARMACEUTICALS, INC.

       *Defendant*.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, SILVIA ALFARO (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against SUPERNUS PHARMACEUTICALS, INC., ("Supernus" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Supernus in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

2.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010)

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including the transmission and/or receipt of the subject unauthorized text advertisements.

7.      The Court has personal jurisdiction over Supernus because it conducts business in this state, markets its services and products within this state, and it has availed itself to the jurisdiction of the State of Florida by transmitting the subject unauthorized text advertisements to Plaintiff and Class Members in this state.

## PARTIES

8.      Plaintiff's domicile is in Palm Beach County, Florida.  Plaintiff is a citizen of the state of Florida.

9.      Class Members are citizens of the state of Florida and throughout the United States.

10.      Defendant, Supernus, is a foreign corporation registered and licensed to conduct business throughout the state of Florida and in Palm Beach county. Supernus lists its principal address as 1550 East Gude Drive, Rockville, MD 20805, and its registered agent in Florida as CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

11.      Supernus is in the business of developing and commercializing pharmaceuticals.

12.      Supernus uses a business model whereby it promotes their pharmaceutical products and services, in part, by sending unsolicited text messages to wireless phone users.

13.      Supernus, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of

3

the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14.     At all times relevant, Plaintiff was a citizen of the State of Florida.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15.     Supernus is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

16.     At all times relevant Supernus conducted business in the State of Florida and in Palm Beach County, within this judicial district, by sending the unsolicited text messages to Plaintiff within this judicial district.

17.     Supernus utilizes bulk SPAM text messaging, or SMS marketing, to send unsolicited text messages, marketing and advertising Supernus' pharmaceutical products and services, including at least 3 unsolicited text messages to Plaintiff.

18.     For example, on or about May 8, 2019, at approximately 3:35 p.m. (EST), 4:40 p.m. (EST), and 4:50 p.m. (EST), Supernus sent the following unsolicited text messages to Plaintiff's cellular telephone ending in "5557:"



19.     At no time did Plaintiff consent to receive such unsolicited text messages.

20.     Through the unsolicited SPAM text messages, Supernus contacted Plaintiff on Plaintiff's cellular telephone regarding unsolicited services via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

21.     Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22.     Upon information and belief, this ATDS has the capacity to store numbers on a list and to dial numbers from a list without human intervention.

23.     The impersonal and generic nature of the text messages that Defendant sent to Plaintiff demonstrate that Defendant used an ATDS to send the subject text messages. Moreover, Defendant itself refers to the text messages as "autodialed marketing texts," further demonstrating that Defendant used an ATDS to send the subject text messages.

24.     Defendant utilized the number 844-874-7347 to send the subject text messages en masse to Plaintiff and Class Members using an autodial function.

25.     Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

26.     Upon information and belief, Defendant used a device to send the subject text messages to Plaintiff and Class Members that stores numbers and dials them automatically from a stored list of phone numbers as part of scheduled campaigns.

27.     The telephone number Supernus called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28.     The text messages at issue constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29.     Plaintiff did not provide Supernus or its agents prior express consent to receive text messages, including unsolicited text messages, to her cellular telephone, pursuant to 47 U.S.C.

30.     The unsolicited text messages sent by Supernus, or its agents, violated 47 U.S.C. § 227(b)(1).

31.     Supernus is and was aware that it is placing unsolicited robocalls / texts to Plaintiff and other consumers without their prior express consent.

32.     Plaintiff was damaged by Supernus' text messages. In addition to using Plaintiff's cellular data, her privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted robo-text messages forcing her to divert attention away from her work, personal life, and other activities.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> All people within the United States (i) who were sent a text message within the four years prior to the filing of the Complaint, (ii) from Defendant and/or its agents, (iii) promoting Defendant's products and/or services.

> Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

34.     This action has been brought and may properly be maintained as a class action against Supernus pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

35.     **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Supernus' conduct consisted of a standardized SPAM text messaging campaign electronically sent to particular

telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

36.     Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Supernus' records, including, but not limited to Supernus' text and marketing records.

37.     Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

38.     **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

  a.  Whether, within the four years prior to the filing of this Complaint, Supernus or its agents sent any unsolicited text message/s (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

  b.  How Supernus obtained the numbers of Plaintiff and Class members;

    c.   Whether the dialing system used to send the subject text messages is an Automatic Telephone Dialing System;

    d.   Whether Supernus engaged in telemarketing when it sent the text messages which are the subject of this lawsuit;

    e.   Whether the text messages sent to Plaintiff and Class Members violate the TCPA and its regulations;

    f.   Whether Supernus willfully or knowingly violated the TCPA or the rules prescribed under it;

    g.   Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Supernus' acts and conduct;

    h.   Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Supernus from continuing to engage in its unlawful conduct; and

    i.   Whether Plaintiff and the Class are entitled to any other relief.

39.    One or more questions or issues of law and/or fact regarding Supernus' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

40.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

41.    Plaintiff and members of the Class each received at least one SPAM text advertisement, advertising pharmaceutical services and/or products, which Supernus sent or caused to be sent to Plaintiff and the members of the Class.

42. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

43. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Supernus by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

44. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted

under Rule 23(b)(2) because Supernus has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Supernus' ongoing violations of the TCPA, and to order Supernus to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted faxes

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

45.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of Supernus constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.     As a result of Supernus' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Supernus, as set forth in the Prayer for Relief below.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

49.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint as though fully stated herein.

50.     The foregoing acts and omissions of Supernus constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

51.     As a result of Supernus' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Supernus, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Supernus for:

a.   An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b.   Statutory damages of $500 per text;

c.   Willful damages at $1,500 per text;

d.   A declaration that Supernus's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e.  An injunction prohibiting Supernus' from using an automatic telephone dialing system to text numbers assigned to cellular telephones without the prior express written consent of the called party;

f.  Reasonable attorney's fees and costs; and

g.  Such further and other relief as this Court deems reasonable and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 14, 2019                Respectfully submitted,

                                        */s/* Steven N. Saul
                                        Joshua H. Eggnatz, Esq. (FBN: 0067926)
                                        Michael J. Pascucci, Esq. (FBN: 0083397)
                                        Steven N. Saul, Esq. (FBN: 1002827)
                                        **EGGNATZ | PASCUCCI**
                                        7450 Griffin Road, Suite 230
                                        Davie, FL 33314
                                        Tel:    (954) 889-3359
                                        Fax:    (954) 889-5913
                                        MPascucci@JusticeEarned.com
                                        JEggnatz@JusticeEarned.com
                                        SSaul@JusticeEarned.com
                                        SGizzie@JusticeEarned.com


                                        *Attorneys for Plaintiff and the Proposed Class*